UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| LARRY GWEN COKER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 4:18-cv-767-LSC-GMB |
| ) | |
| DEWAYNE ESTES, Warden, et al., ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM OPINION**

On May 20, 2019, the magistrate judge entered a report recommending the petition be dismissed without prejudice for want of pre-clearance by the court of appeals pursuant to 28 U.S.C. § 2244(b)(3). (Doc. 17). The magistrate judge noted the petitioner had previously submitted a petition in this court challenging the validity of the convictions he received on June 24, 2008, for two counts of violating the sex offender registration law and one count of obscuring a vehicle's VIN number, *See Larry Gwen Coker v. Christopher Gordy, et al.*, Case No. 4:15-cv-666-LSC-TMP, and that this is a successive petition challenging those same convictions. The petitioner filed objections to the report and recommendation on May 30, 2019. (Doc. 18). He contends this is not a successive petition because he

1

was re-tried and re-convicted in the state court subsequent to his previous federal petition.[1] This contention is without merit.

The court takes judicial notice of the online records of the St. Clair County (Pell City) Circuit Court at https://v2.alacourt.com/index.htm. Those records include an order entered by Judge Weathington on August 14, 2017, addressing two pending Rule 32 motions filed by the petitioner. *State of Alabama v. Larry G. Coker*, Case No. CC-2007-000285.63 at Doc. #6.[2] Judge Weathington conducted a hearing on August 2, 2017, with regard to the pending petitions (which the court found to contain identical allegations) and concluded that they not only were successive of at least three prior post-conviction petitions filed in that court, but that the petitioner had failed to carry his burden to prove that the sentences imposed pursuant to the Alabama habitual offender Act were illegal or violated State or Federal constitutional law. (*Id*. at 4). It is evident that Judge Weathington neither conducted a re-trial of, nor re-sentenced the petitioner for, the criminal

---

[1] The petitioner states that St. Clair County Circuit Judge Billy R. Weathington, Jr., "retried [him] [a] second time on the first week of August 2017 … [and] found him guilty the 2nd time [and] resentenced him the 2nd time." (Doc. 18 at 3). He now contends that the present petition is not successive because his criminal conviction "had been reversed and remanded back to St. Clair County Circuit Court for further review." (*Id*. at 6). As noted infra, his characterization of the August 2017 state court proceedings is not accurate.

[2] Contrary to the petitioner's assertion that his criminal convictions had been reversed and remanded for a new trial, Judge Weathington explains that "On December 14, 2016, the Alabama Court of Criminal Appeals reversed and remanded the case to this Court with directions to set aside its order denying Petitioner's Motion to Correct Sentence and address the motion as a Rule 32 petition." (*Id*).

2

charges that resulted in the 2008 convictions. For that reason, the petitioner's assertion, that the convictions he is attacking in this action are new and separate from the convictions previously challenged in this court, is without merit. Having failed to obtain permission from the Eleventh Circuit Court of Appeals to present this successive petition, this action is due to be dismissed pursuant to 28 U.S.C. § 2244(b).

Accordingly, after careful consideration of the record in this case, including the magistrate judge's report and the objections thereto, the court hereby **ADOPTS** the report of the magistrate judge and **ACCEPTS** his recommendations. In accordance with the recommendation, the court finds that the petition in this matter is due to be dismissed without prejudice for failure to obtain pre-clearance from the Eleventh Circuit Court of Appeals.

A separate order will be entered.

Based on the foregoing, the petitioner's motions at **documents #11 through #14** are **DENIED** as moot.

The Clerk is DIRECTED to serve a copy of this memorandum opinion and the accompanying final judgment on the petitioner.

**DONE** AND **ORDERED** ON JULY 15, 2019.

                                          L. SCOTT COOGLER
                                   UNITED STATES DISTRICT JUDGE

160704